RICHTER v. GRANITE MFG. CO. et al. (No. 4924.)

(Court of Civil Appeals of Texas. Austin. July 5, 1915.)

WATERS AND WATER COURSES ⬅156—RIPARIAN RIGHTS—DEEDS—VALIDITY OF RESERVATIONS.

Since riparian rights exist only by reason of ownership of riparian property, a deed granting all the grantor's riparian property, reserving an equal undivided one-half interest in the water power included within the land described

and the ground necessary to utilize it, was void, because so vague as to the amount of the land reserved that its exercise would be inconsistent with the grant.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 158, 174–183; Dec. Dig. ⊕⇒156.]

Appeal from District Court, Burnet County; Clarence Martin, Judge.

Action by Herman Richter against the Granite Manufacturing Company and others. Judgment for defendants, and plaintiff appeals. Affirmed in conformity to answers of the Supreme Court to certified questions. 174 S. W. 284.

Edwin H. Yeiser, of Austin, and T. E. Hammond, of Burnet, for appellant. Ike D. White and T. B. Cochran, both of Austin, and Dayton Moses, of Burnet, for appellees.

KEY, C. J.:

"This suit was instituted by the appellant against the appellees in the district court of Burnet county, Tex., on the 9th day of August, 1909. The appellant sought to establish his property rights in and to the water power at Marble Falls, in Burnet county, Tex., as riparian owner to a part of the R. G. Blanton survey, which abuts on the river at that point, and also his rights by virtue of certain files made by him on the waters of the river at that point on the 10th day of April, 1909, and 31st day of May, 1909; alleging that the appellees had entered upon and dispossessed him of his property rights and were constructing a large dam at the point mentioned which would have the effect to submerge and destroy all of his property rights; and prayed that his rights be established, that he have his writ of possession, that appellees be enjoined from interfering with him, and, if the court should find that he was not entitled to this relief, then that he recover damages for the conversion of his rights as riparian owner. The appellee the Colorado Power Company resisted appellant's action, contending that the appellant had no riparian rights; that he owned no land riparian to the river; that it owned all of the land on both sides of the river at the point above mentioned; and that it was entitled to all of the water power and property rights at that point by virtue of certain files made by different persons, of which it was the owner; and that the work being done by it was being done by virtue of these rights. The other appellees adopted its answer in addition to filing disclaimers. The case was reached for trial on the 9th day of January, 1911, and, a jury being waived by all parties, the matters of fact as well as of law were submitted to the court, and the court, after having heard the pleadings, evidence, and argument of counsel, rendered judgment on the 11th day of January, 1911, that appellant take nothing and that the appellees go hence without day and recover their costs.

"The case is now pending in the Court of Civil Appeals, and among other material questions involved is the one herein certified. On the 29th day of January, 1883, the state of Texas, by patent issued on that day, granted to William R. Baker, assignee of R. G. Blanton, what was known as the R. G. Blanton survey of land on the Colorado river in Burnet county, containing 129 acres. On the 30th day of January, 1883, William R. Baker conveyed the same tract of land to Herman Richter, and on the 29th day of November, 1884, Herman Richter executed to W. H. Roper a deed, which reads as follows:

"'Deed. Herman Richter to W. H. Roper.

"'The State of Texas, County of Burnet.

"'Know all men by these presents: That I, Herman Richter, of the county and state aforesaid, for and in consideration of the sum of ($50.00) fifty dollars, to me in hand paid by W. H. Roper, the receipt of which is hereby acknowledged and confessed, and in further consideration of the sum of one hundred dollars to be hereafter paid to me as is evidenced by the promissory note of the said Roper bearing date herewith, payable to me or by my order on or before the 29th day of November, A. D. 1885, do grant, bargain, sell, convey and have by these presents granted, bargained, sold and conveyed unto the said W. H. Roper, of Burnet county, state of Texas, the following piece, parcel or tract of land lying and being situated in the county of Burnet, in the state of Texas, about sixteen miles south of the town of Burnet, a part of the R. G. Blanton survey on the south side of the Colorado river, beginning at a stone mound the lower corner of survey No. 605, from which a cedar bears S. 40 E. 5 vrs., do. brs. N. 36 W. 3 vrs.; thence down the Colorado river with its meanders S. 24 E. 1,050 vrs. to a stone mound, from which a cedar brs. S. 10 E. 5 vrs.; do. brs. S. 5 W. 6 vrs.; thence S. 280 vrs. to Flat Rock creek; thence up the north bank of said creek 225 vrs.; thence across said creek to the opposite bank; thence along said bank up the creek to intersection of the west boundary line of the said Blanton survey; thence north 2,158 vrs. to the place of beginning, containing ninety-five acres of land; hereby reserving to myself, my heirs, executors, administrators or assigns an equal undivided one-half interest in and to the water power included within the above-described tract of land and necessary ground to utilize the same.

"'To have and to hold the premises above described together with all and singular the rights, members, hereditaments and appurtenances incident or appertaining to the same unto the said W. H. Roper, his heirs, and assigns forever; and I do hereby bind myself, my heirs, executors and administrators and legal representatives to warrant and forever defend all and singular the title of and to the premises aforesaid unto the said Roper his heirs and assigns against the claim or claims of any and all persons whomsoever lawfully claiming or to claim the same or any part thereof.

"'Witness my hand, this the 29th day of November, 1884.

"'[Signed] Herman Richter.'

"Appellee the Colorado River Power Company now owns the Roper title, and appellant Richter bases his alleged riparian rights upon the reservation contained in the deed copied above, and alleges that the Colorado River Power Company by the construction of a dam across the Colorado river, has invaded his rights, and, if not prevented, will destroy the same.

"The Colorado River Power Company and the other appellees assert that the attempted reservation in the deed from Richter to Roper is void and of no effect, and therefore that Richter owns no part of the Blanton survey fronting on or touching the Colorado river, and that he has no riparian or other rights that will be affected by the construction of the dam referred to.

"The trial court filed no findings of fact, and we do not deem it necessary to make full findings in order to certify the construction of the foregoing deed to the Supreme Court for decision. If appellees' contention is correct, and the reservation is void, then the case was properly decided, and it will not be necessary to pass upon any other question."

The foregoing statement is copied from the certificate sent by this court to the Su-

preme Court in certifying to that court the following question:

"Is the reservation in the foregoing deed of Herman Richter to W. H. Roper valid, and does it reserve to or vest in Herman Richter such right or rights as can form the basis of a suit to protect such rights to recover damages for injury thereto?"

The Supreme Court has answered that question in the negative, and in the opinion written upon the question of law involved that court holds that the attempted reservation, in the deed referred to, of the necessary ground to utilize the water power, is too vague and indefinite to be capable of enforcement. Accepting that decision as the law, it follows that appellant has no case, and therefore the judgment of the trial court is affirmed.

Affirmed.

[1] The term of court at which appellant was tried continued more than eight weeks; consequently the time in which bills of exception could be filed must be calculated from the date on which final sentence was passed. Sentence was pronounced in this case on June 6, 1914; consequently the last day on which bills of exception could be filed was September 4th. The bills that appear in the record were not filed until September 26, 1914 —22 days after the time in which they could have been filed under the law. Therefore the motion of the Assistant Attorney General to strike the bills of exception from the record must be sustained.

[2] The record before us discloses that the trial judge undertook to have the clerk of the court file the bills of exception back; but this the clerk refused to do, and we wish to commend him for refusing to do so, and placing on the bills the date they really were filed. The trial court has no right to order the clerk to place on the bills a different file mark than that which they should bear. The laws are passed to govern each and every citizen of the state, and the trial judge who undertakes to have the clerk of his court to place on the bills of exception a file mark that does not speak the truth is violating the law of his state, and the clerk who has the moral courage to refuse to obey such instructions and abide by the law is entitled to commendation.

[3] It may be that the trial judge felt that he needed a vacation, but he should perform the duties of his office first. The attorney for appellant may insist that, as the trial judge insisted on taking his vacation and would not act on his bills of exception until the vacation ended, the bills ought to be considered. But the law gives him a remedy— to prove up his bills by bystanders. However, should we consider his bills, each and every one of which we have read, they are not full and complete enough to present any error, in the absence of any statement of the evidence adduced on the trial. Neither they nor either of them present any error. Therefore the judgment is affirmed.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes